IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUN 4 2012

Phil Lombardi, Clerk
U.S. DISTRICT COURT

1) RICKY N. BASER, )
  )
  Plaintiff, )
  )
vs. ) Case No.
  )
2) STATE FARM MUTUAL ) 12 CV - 315 GKF  PJC
AUTOMOBILE INSURANCE CO., )
  )
  Defendant. )

## COMPLAINT FOR DECLARATORY RELIEF

**COMES NOW** the Plaintiff and states and alleges the following in support of this Complaint:

### JURISDICTION & VENUE

1) This Court's jurisdiction is based on 28 U.S.C. §1332, diversity of citizenship. Plaintiff is a resident of Oklahoma and the Defendant is a corporate citizen of Illinois, licensed by the Oklahoma Insurance Department and is doing business in Oklahoma. The amount in controversy is in excess of $75,000.00. Venue arises from 28 U.S.C. §1391(b)(2) as all the events and omissions alleged here occurred in this Court's judicial district.

2) Under 28 U.S.C §2201 and §2202 a declaratory action is authorized where an "actual controversy" exists as to which the Court may declare the rights and other legal relations of any interested party seeking such declaration.

3) An actual controversy exists between these parties arising from conflicting interpretations of insurance policy provisions affecting the rights of the parties as demonstrated below.

## FACTS IN SUPPORT OF THE COMPLAINT

4) On October 21, 2008 Ricky Baser was severely injured in an automobile collision in the city of Tulsa. He underwent a fusion in his cervical spine at C1-C2-C3. Subsequently, he developed a disc protrusion at C5-6 on the right side and was also diagnosed with a torn left anterior part of the labrum in his left shoulder, along with adhesive capsulitis. His physician recommended surgery, but he has managed to live with these conditions with epidural injections and medications. Mr. Baser's medical bills are $53,613.19 and he has a lost wage claim for $11,733.70.

5) The negligent driver who injured Mr. Baser, Silas Jones, was insured by the Defendant in the amount of $100,000.00 in per person liability limits under policy 47 8576-F27-36B ("Policy 1"). Defendant has tendered the full amount of Policy 1.

6) Mr. Jones was also insured through an "umbrella" policy by the Defendant with limits of $3,000,000.00 under policy 36-96-7933-7 ("Policy 2").

7) Mr. Baser had in effect an underinsured motorists policy ("UM") with Oklahoma Farm Bureau Mutual Insurance Co., in the amount of $100,000.00 per person and $5,000.00 in medical payments coverages. Both those amounts have been paid to plaintiff.

8) Defendant has refused to offer any amount of Policy 2 because it erroneously claims that Policy 2 is excess to both Policy 1 and the UM coverage under Baser's automobile policy.

9) Mr. Baser believes that Policy 2 is in excess to only Policy 1 and that Plaintiff's own UM policy should not be considered because it is not within the definition of "other insurance" mentioned in Defendant's Policy 2 that must be exhausted before Policy 2 coverage is triggered.

10) The phrase "other insurance" in umbrella policies relates only to insurance policies held by the person insured by the policy in question. 15 Couch on Insurance §219:6. The correct analysis

is that only Policy 1 and Policy 2 are considered because Mr. Jones is insured under both of them. Once Policy 1 is exhausted, Policy 2's coverage is triggered.

11) In the alternative, some jurisdictions use a three pronged test to determine when one policy is excess to another. There the court asks if two or more policies cover the same interest, same subject matter, and same risk insured against then once the underlying policy is exhausted the excess or umbrella policy is triggered.

12) Here, Policy 2 covers Mr. Silas for liability arising out of his use of motor vehicles. Plaintiff's UM policy provides coverage for his injuries caused by an under-insured driver. The two coverages are not the same, so the UM is not considered. Policy 1 and 2 meet the three prong test. They both cover Mr. Jones for liability in his operation of motor vehicles. The interest, subject matter, and risk insured against are the same.

13) Plaintiff has sued Mr. Jones in Tulsa County District Court in CJ-2010-6632 and intends to stay that proceeding pending the outcome of this action.

WHEREFORE, Plaintiff Ricky N. Baser prays that the Court enter its judgment consistent with the foregoing and declare the rights and legal relations between these Parties as set out above and for such other and further relief as warranted.

Respectfully submitted,

Thomas A. Layon, OBA #5303
Richard E. Warzynski, OBA #14079
THE LAYON LAW FIRM, P.C.
Pecan Tree Place- 2nd floor
5508 South Lewis Ave.
Tulsa, OK 74105

918-583-5538; Facsimile 918-585-3101
thom@layonlaw.com
rewski@cox.net

**ATTORNEY'S LIEN CLAIMED**

*120531.Complaint.wpd*