IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY N. BASER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-315-GKF-TLW |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendant. | |

## ORDER

This matter comes before the court on defendant's Motion to Dismiss for failure to state a claim. (Doc. #5).

**I. Background**

On October 21, 2008, Plaintiff Baser was injured in a car crash with non-party Silas Jones. Compl. ¶4 (Doc. #2). Jones was insured by defendant State Farm. *Id.* ¶¶5-6. Jones maintained two insurance policies with State Farm relevant here: a $100,000 per person liability policy ("Policy 1"); and a $3,000,000 "umbrella" policy ("Policy 2"). *Id.* Plaintiff Baser maintained an underinsured motorist policy ("UM Policy") with Oklahoma Farm Bureau Mutual Insurance Company covering $100,000 per person and $5,000 in medical payments coverage. *Id.* ¶7. Baser represents that State Farm has tendered the full amount of Policy 1 and that Oklahoma Farm Bureau Mutual Insurance Company has paid covering $100,000 per person and $5,000 in medical payments. *Id.* ¶¶5, 7. Baser and State Farm disagree about whether after Policy 1 is exhausted, Policy 2 or the UM Policy is triggered next.

Baser sued Jones in Tulsa County District Court on October 19, 2010. *See* Docket for Case No. CJ-2010-6632. Before obtaining judgment there, Baser brought this suit on June 4,

2012. (Doc. #2). District Court Judge Daman Cantrell stayed the state proceeding on June 12, 2012, pending resolution of this federal action.

**II.     Discussion**

State Farm alleges that no "actual controversy" exists because Baser is not a party to any State Farm insurance policy and has not yet obtained a judgment against a person insured by State Farm.

The Federal Declaratory Judgment Act requires an "actual controversy" exist before a federal court may declare the rights of the parties. 28 U.S.C. §2201(a). An actual controversy refers to the type of case and controversy that is justiciable under Article III of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Aetna Life Inc. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937) ("The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense.").

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citations omitted). Although no precise test exists, United States District Judge Fred Daugherty found the following "essential elements: (1) That an actual controversy exists between the parties. (2) That the parties have adverse legal interests. (3) That such interests are immediate and real and will support a determination based thereon." *Cross v. Occidental Fire & Cas. Co.*, 347 F. Supp. 342, 343 (W.D. Okla. 1972).

Generally, a non-party to an insurance contract cannot directly sue the insurance company to establish liability because no actual controversy exists between the non-party and the insurance company.

> With respect to the obligation to pay any judgment, the same is not yet in existence, may never be in existence and in any event such obligation is between the insured and the Defendant. The only way Plaintiff, once possessed of the judgment, can come at the Defendant is indirectly on the basis of a right of the insured against its insurer through the device of garnishment. The only parties between whom an actual controversy presently exists with respect to eventual liability to Plaintiff are the Defendant and its insured. The best that can be said on this point is that Plaintiff's claim is potential and contingent.

*Cross*, 347 F. Supp. at 343-44; *see also Knight v. Miller*, 195 P.3d 372, 375 (Okla. 2008) (applying Oklahoma's Declaratory Judgment Act and finding "[plaintiff] has no legally cognizable or protectible interest in the controversy and he will not have one unless and until he should succeed in the negligence action, for it is only at that point that [the insurance company] may have a legal obligation to pay."). Thus, the question here is whether this case contains facts that put it outside the normal prohibition on non-parties to an insurance contract suing an insurance company.

It does not. Baser asserts that State Farm has tendered the full amount of Policy 1 and a series of letters between Baser's counsel and State Farm's counsel show disagreement about which policy pays damages if those damages exceed Policy 1's limitations. But the parties do not have adverse legal interests until a judgment against State Farm's insured in excess of Policy 1's limitation is established. As Baser himself describes the situation:

> *If* Defendant's insured Silas Jones is found liable in the pending state court action, and the damages in that action exceed $100,000, *then* the "other insurance" issue presented here arises.

(Doc. #7 at 4 (emphasis added)). That conditional formulation captures the lack of an actual controversy between the parties at this time. And Baser has not alleged that State Farm is

- 4 -

currently obligated to pay him anything. Thus, the general prohibition on non-parties to an insurance contract suing the insurance company directly applies here. No actual controversy exists. And plaintiff fails to state a claim. Fed. R. Civ. P. 12(b)(6).

WHEREFORE, the Motion to Dismiss is granted. (Doc. #5).

DATED this 6th day of March, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT